IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03066-GPG

LISCO F. RAY III,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Lisco F. Ray III, was a prisoner in the custody of the Colorado Department of Corrections incarcerated at Four Mile Correctional Center in Canón City, Colorado when he initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

    The Court must construe the Prisoner Complaint liberally because Mr. Ray is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

In the Complaint, Mr. Ray asserts two claims contending that he was unlawfully imprisoned past his proper release date. Construing the allegations liberally, Mr. Ray appears to argue that the Colorado Department of Corrections ("CDOC") did not correctly deduct from his state sentences good and earned time credits that he was statutorily entitled to receive. He claims that he should have received fifteen days of good time each month pursuant to Colo. Rev. Stat. § 17-22.5-301(1) and that the good time should have been deducted from his state sentences. He also claims that he should have received up to thirty days of earned time every six months pursuant to Colo. Rev. Stat. § 17-22.5-302 and that the earned time also should have been deducted from his sentences. He contends that he "served, approximately 27 months, in excess of the time he should have served" and that he is entitled to "monetary relief at the rate of $300.00 per day for each day incarcerated past the proper time."

Construing the allegations liberally, it appears that Mr. Ray is attempting to assert due process claims. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Based on the allegations, it appears that Mr. Ray contends that he has been deprived of constitutionally protected liberty interests in good and earned time credits created under Colorado state law.

State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Denying an inmate credits to which he has some entitlement "would deprive him of a liberty interest if those credits advance his mandatory date of release on parole." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir.

2006).

Mr. Ray's claims are premised on the argument that Colorado state law has created a constitutionally protected liberty interest in the good and earned time credits in question because he was entitled to receive those credits and that the failure to deduct the credits from his state sentences increased the duration of his incarceration.

Mr. Ray's due process claims lack merit unless he is correct that he was entitled to the credits in question and that the failure to deduct those credits actually increased the duration of his incarceration.  If Mr. Ray either was not entitled to those credits or the failure to deduct those credits did not increase the duration of his incarceration, he cannot demonstrate that he has been deprived of a constitutionally protected liberty interest.  See *Fogle*, 435 F.3d at 1262.  However, even if Mr. Ray was entitled to the good and earned time credits in question and the failure to deduct those credits necessarily increased the duration of his incarceration, the due process claims still must be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  See *Heck*, 512 U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As noted above, Mr. Ray specifically contends that he was entitled to the good and earned time credits in question and that the failure to deduct those credits from his sentence increased the duration of his incarceration by 27 months. Because a judgment in Mr. Ray's favor would necessarily imply the invalidity of the duration of his sentence, the § 1983 complaint must be dismissed under *Heck*. *See Kailey v. Ritter*, 500 F. App'x 766, 768-69 (10th Cir. 2012) (§ 1983 complaint by prisoner challenging failure to award meritorious sentence reduction credits allegedly required under state law "necessarily impl[ies] the invalidity of his sentence" and "must be dismissed unless Mr. Kailey can show that the sentence has already been invalidated").

Mr. Ray does not allege that his state sentences have already been invalidated due to CDOC's failure to award and deduct the good and earned time credits in question. Thus, the due process claims are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of   December         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court